UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SOJOURNER HOUSE, INC.      :
  *Plaintiff,*        :
            :
vs.           :    C.A. No.
            :
CITY OF WOONSOCKET, by and   :
through its Treasurer,      :
Kerry Vasaturo,        :
JOEL MATHEWS, Individually and in :
his capacity as Director of Planning and :
Development, and       :
CHRISTOPHER V. CARCIFERO,  :
Individually and in his capacity as  :
Deputy Director of Housing and Community :
Development,        :
  *Defendants.*       :

## VERIFIED COMPLAINT

### I. INTRODUCTORY STATEMENT

This action is brought by the Plaintiff, a non-profit social service agency, seeking declaratory and injunctive relief and compensatory and punitive damages for acts and/or omissions of Defendants in violation of Plaintiff's constitutionally protected equal protection, due process and first amendment rights with respect to the Defendants' unlawful rescission of previously committed federal grants and their unlawful disqualification of Plaintiff from future consideration for grants. These vested property and liberty rights are guaranteed under the First and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### II. PARTIES

1. Plaintiff Sojourner House, Inc. ("Sojourner House") is a non-profit, charitable organization formed under the laws of the state of Rhode Island, whose mission is to provide

safe shelter and other vital social services for women, men and children who are victims of domestic violence.

2.      Defendant City of Woonsocket ("City") is a duly authorized and organized municipality under the laws of the State of Rhode Island and it is sued by and through its Treasurer, Kerry Vasaturo, the official designated by state law, R.I. Gen. Laws § 45-15-5, to be named in a suit for relief against the City.  Plaintiff has filed a claim before the City Council of the City of Woonsocket, and, upon information and belief, more than forty (40) days have or will have passed from the presentation of the claim to the City Council before any substantive compensatory relief can be provided.  The City is liable to Plaintiff for the actions of its agents and servants acting within the scope of their authority, including but not limited to Joel Mathews and Christopher V. Carcifero.

3.      Defendant Joel Mathews ("Mathews") was employed as the designated Director of Planning and Development for the City and he is sued in his individual and representative capacity.

4.      Defendant Christopher V. Carcifero ("Carcifero"), at all relevant times, was employed as the designated Deputy Director of Housing and Community Development for the City and he is sued in his individual and representative capacity.

5.      Each Defendant, in taking or refusing to take the actions complained of herein, acted under color of state law within the meaning of 42 U.S.C. §1983.

6.      Defendants Mathews and Carcifero, in taking or refusing to take the actions complained of herein, upon information and belief, served as the "policymaking officials" of the City as the final decisionmaker on the award, suspension or disqualification of subgrantees such as Plaintiff such that their actions and refusal to act constitute a custom, practice or policy

2

sufficient to impose liability upon the City.

### III.    JURISDICTION

7.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201 and 2202.

### IV.    VENUE

8.    Venue is proper in this Court since, on information and belief, all of the Defendants reside or may be found in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V.    MATERIAL FACTS

9.    The City of Woonsocket has one of the highest rates of poverty and child abuse within the state of Rhode Island.

10.    Founded in 1976, the mission of Sojourner House is to end the silent epidemic of sexual and domestic violence and abuse and to solve interpersonal conflict by adopting non-violent methods. To this end, Sojourner House has offered impoverished Rhode Island residents with a plethora of social services and programs to assist the vulnerable and poverty-stricken citizens of our state with confidential emergency shelter, transitional housing, meals, therapy, counseling, support groups, medical attention, education and reintegration services. In addition to these vital services, Sojourner House offers prevention and education work within all Rhode Island communities and works to raise awareness on many issues related to domestic violence such as teen violence, HIV/AIDS prevention, elder abuse, and LGBTQ partner abuse.

11.    For many years, Sojourner House has owned and operated two residential facilities within the city of Woonsocket. [1]

---

[1] Due to the confidential nature of the services it provides to its constituency and the risk that a potential abuser could locate his/her potential victim, Sojourner House will not provide the exact location of its two Woonsocket

12. One facility, hereinafter "the emergency shelter," is an emergency shelter which offers a temporary safe haven for victims of abuse.

13. The other facility, hereinafter "the apartment building," is a more long-term, residential apartment facility which offers a panoply of social services.

14. Although any person who is the victim of neglect or abuse is welcomed and is served at its Woonsocket facilities, the majority of those who utilize the services and facilities are residents of Woonsocket.

15. To fund its operations to offer the various social services to this segment of the Rhode Island population, Sojourner House relies exclusively upon donations and grants from individuals, other social service agencies, federal, state and local governmental agencies, and private and public associations and corporations.

16. For many years, Sojourner House has applied for and received funding on an annual basis from the City through two distinct grant programs:

a. The first is known as the Consolidated Homeless Fund program ("CHF"), which is administered by the Rhode Island Office of Housing and Community Development and earmarked for agencies providing emergency services in only three entitlement cities, including the City. Sojourner House is the only agency providing emergency shelter for victims of domestic violence in the City.

b. The second is a grant funded by the United States Department of Housing and Urban Development and sponsored through the City's Community Development Block Grant program ("CDBG"), which funds are used by Sojourner House for general domestic violence advocacy. In the case of both the CHF and CDBG awards to Sojourner House, they are earmarked exclusively for the operations at its Woonsocket emergency shelter and support

---

facilities, and has redacted any reference to the addresses in the Exhibits appended hereto.

services throughout the City, but not to operations at the apartment building within the City.

17.    On June 28, 2017, Sojourner House was informed by the Rhode Island Office of Housing and Community Development that it was selected to receive a CHF grant award of $20,000; in December, it received a supplemental grant appropriation of $5,500, for a total award of $25,500.  A true and accurate copy of the award(s) and funding recommendation is attached hereto as *Exhibit 1*.

18.    On November 3, 2017, the City informed Sojourner House that it was selected to receive a CDBG grant award of $15,000.  A true and accurate copy of the award is attached hereto as *Exhibit 2*.

19.    The June 28, 2017 CHF award to Sojourner House was to have been issued by the City; however the City withheld a written contract for that award.

20.    With respect to the CDBG grant, Sojourner House signed a sub recipient agreement, a true and accurate copy of which is attached hereto as *Exhibit 3*.

21.    Regardless of formality or informality of written contractual agreements, Sojourner House had a legitimate expectation and property interest in the receipt of these public funds in order to operate their programs at its Woonsocket emergency shelter and to continue providing necessary and urgent services and shelter to some of Woonsocket's most vulnerable citizens.

22.    At all material times, Sojourner House has complied with its obligations under the sub recipient agreement.

23.    Sojourner House contracts with Housing Opportunities Corporation ("HOC"), another non-profit housing agency, to provide management, repair and maintenance services for its two Woonsocket facilities.

24.    On October 6, 2017, the City issued to Sojourner House a notice of violation for the emergency shelter facility that had been earmarked for the CHF and CDBG grants setting forth approximately two dozen alleged property maintenance code violations.  Sojourner House worked with HOC to correct the majority of the alleged violations within the following thirty (30) days.

25.    Nevertheless, on November 22, 2017, the City sent a second notice of violation. Significantly, the second notice identified only five (5) violations; as all other alleged violations from the October 6, 2017 Notice had been corrected.  The City was well aware that Sojourner House diligently corrected the majority of the property maintenance deficiencies, which included the process of pursuing permits from the City.

26.    Upon information and belief, in or about November 2017, the City through Carcifero notified other past recipients of CDBG grants of the 2018-19 grant cycle, providing forms and alerting them of the January 12, 2018 deadline but did not so inform Sojourner House, notwithstanding that it had been provided such notice in past years.  As a direct result, Sojourner House failed to submit a timely CDBG grant application for the 2018-19 grant year.

27.    In spite of the fact that Sojourner House had promptly and substantially remediated the violations, on January 4, 2018, the City, through Carcifero, issued a Report of Required Corrective Actions on January 4, 2018, in which the City suspended effective immediately the participation of Sojourner House in the PY 2017-2018 CDBG and CHF programs, and informed Sojourner House that the City intended to *"withhold, suspend and de-obligate"* any all funding, including the $35,000 in grants awarded to Sojourner House through the CHF and CDBG grant programs.  A true and accurate copy of the January 4, 2018 Report is attached hereto as *Exhibit 4.*

28. The January 4, 2018 letter identified four (4) findings and corrective actions, requiring Sojourner House to respond within thirty (30) days, none of which warranted the action taken:

a. The letter cited claimed violations of a loan agreement between the City and Sojourner House dating back to November 4, 2009 and relating to a repair and maintenance assistance program that benefitted Sojourner House years ago which had never been the subject of dispute or review.

b. The letter claimed insufficiencies at the apartment building that is not the subject of the CHF and CDBG grants.

c. The letter also threatened to demand repayment of assistance funds in the amount of $14,904.50, plus the costs of City inspections.

29. The City, through Carcifero, knew that the statements set forth in the letter were not factually accurate or relevant.

30. Defendants, either in the letter of January 4, 2018 or otherwise, provided no procedure, mechanism, or administrative review process by which Sojourner House could seek a review and challenge this deprivation of protected property rights and liberty interests.

31. Sojourner House, through its executive director, Vanessa Volz ("Volz"), substantively responded to the Report with detailed information and attachments, refuting Carcifero's assertions, indicating her bewilderment of the tone and content of the Carcifero Report, but extending an invitation to work cooperatively with the City as it had in the past, stating:

> We look forward to working with the City of Woonsocket to resolve any remaining issues with the physical inspection at our [Street] property so that we can have our grant award funds released. As you may be aware, we are the only domestic violence agency that serves the Woonsocket area, and last year alone (in

2017), we served over 3,000 clients in all of our programs across the state.  There is a great need for our services, and we look forward to working with the City to continue providing critical housing and supportive services for victims of abuse.

*Exhibit 5.*

32.     Having received governmental grants and funds for many years through the City to support Sojourner House's operations and services, without delay or disruption from the City or its officials, Sojourner House had a reasonable and vested expectation and property interest in the funds that were awarded to it under the CHF and CDBG grant programs.

33.     On or about April 6, 2018, the City confirmed by email that Sojourner House had completed all repairs at the emergency shelter previously cited by the City.  A true and accurate copy of the April 6, 2018, email is attached hereto as *Exhibit 6.*

34.     Notwithstanding Sojourner House's completion of all repairs at the emergency shelter in accordance with the direction of the City, through Carcifero, the City did not proceed to provide funds granted to Sojourner House under CFH or CDBG.

35.     In addition to its direct response to the City's letter of January 4, 2018, in response to the City's announced suspension and de-obligation of public grants awarded to support the mission of Sojourner House, Sojourner House, through its executive director, proceeded to contact other city, state and federal agencies in an attempt to obtain reinstatement of the grants that were awarded to it and to lobby and persuade other municipal, state, and federal officials and agencies to intervene with the Defendants on its behalf to obtain reinstatement of the grants and to remove the threatened suspension, de-obligation and future disqualification of Sojourner House in applying for and obtaining grants from the City.

36.     In undertaking the foregoing efforts to obtain intervention from other municipal, state, and federal officials and agencies, Sojourner House exercised its rights, protected by the

First Amendment to the United States Constitution, of free speech and to petition the government on matters of public concern.

37.    In response to Sojourner House's exercise of rights protected by the First Amendment, the City, through Carcifero, notified Sojourner House on April 24, 2018, that it was reaffirming the City's de-obligation of funds and unilaterally imposing an indefinite suspension on Sojourner House from any future participation in the City's CDBG/HOME/Emergency Solutions Grant ("ESG") program. A true and accurate copy of the April 24, 2018 Notice is attached hereto as *Exhibit 7*.

38.    The April 24 letter cites non-compliance and a lack of cooperation by Sojourner House to correct certain deficiencies, claimed deficiencies at another location (the apartment building) that is not the subject of grant funds, and Sojourner House's efforts to obtain intervention by municipal, state and federal officials or agencies as the basis for its actions. These grounds are either factually unsupported, irrelevant, or retaliatory, in direct contravention of the rights of Sojourner House.

39.    At the time Carcifero issued the City's notice of indefinite suspension and de-obligation, the City, through Carcifero, was aware that on April 6, 2018 the senior housing inspector for the City, Jacob Neves ("Neves"), affirmed in writing that Sojourner House had corrected all violations, and thanked Sojourner House for its cooperation. Carcifero was copied on the email communication. A true and accurate copy of the email is attached hereto as *Exhibit 8*.

40.    The April 24 letter discloses the Defendants' retaliatory intent:

> Throughout this whole process, Sojourner House Inc. has taken the position that the City's CDBG/ESG/HOME is an entitlement program at their disposal. The constant circumventing of the process, starting with going to the State OHCD office, then to a local housing non-profit and finally to the City's Solicitors office

9

in an attempt to try to pry Federal funds from the City of Woonsocket has provided evidence that Sojourner house is more interested in receiving funds for their own benefit than provide services to their residents here in Woonsocket. The City through Planning Department has determined that the continued pattern of non-responsiveness, the lack of cooperation and the failure in the ability to comply with the City of Woonsocket's contractual obligations, regulations and requirements along minimum housing standards set forth by the U.S. Department of Housing and Urban Development and the State of Rhode Island's Division of Planning/Office of Housing & Community Development will result in an endless negative cycle with Sojourner House Inc. **This De-obligation of ESG and CDBG funds will take effect immediately**, along with an **indefinite suspension** in participating in the City of Woonsocket's CDBG/HOME/ESG program until further notice…This decision is final.

(Emphasis in original)

41.    Sojourner House is the recipient of a governmental contract. The receipt of those funds supports a vital, public interest in providing programs to impoverished and affected individuals who are victims of domestic violence and sexual abuse. As such, Sojourner House, through its executive director, engaged in conduct that was constitutionally protected in an effort to have those grants reinstated.

42.    The City, through Carcifero, sought to punish and chill Sojourner House from engaging in protected speech by suspending and de-obligating public funds earmarked for Sojourner House's benefit and mission.

43.    The City's April 24, 2018 actions were in retaliation for Sojourner House's efforts to seek out the assistance of other government agents to restore critical funding to the non-profit agency.

44.    The City, in failing to provide any mechanism for review of its de-obligation and indefinite suspension, violated Sojourner House's constitutionally protected due process rights.

45.    The following day, April 25, 2018, Ms. Volz responded to the Carcifero letter by resubmitting the April 6, 2018 email from the City's housing inspector, indicating that the City

had not responded to several inquiries made by Sojourner House to Carcifero and requesting "next steps" to have the funds reinstated.  A true and accurate copy of the April 25, 2018 letter is attached hereto as *Exhibit 9*.

46.   On May 9, 2018, Ms. Volz met with Mathews to discuss reinstatement of the grants.  During the meeting, Mathews, acting for the City, committed to rescind Carcifero's letter and to reinstate both the CHF and CDBG grants in total.  Following the meeting, Ms. Volz sent a letter confirming the meeting and once again providing documentation that Sojourner House was in compliance with all alleged maintenance deficiencies.  A true and accurate copy of the May 9, 2018 letter is attached hereto as *Exhibit 10*.

47.   Two days later, on May 11, 2018, the City inspected an apartment building property owned by Sojourner House, which is unrelated to the City grants, and issued a Notice of Public Nuisance Violation on May 18, 2018.   A true and accurate copy of the May 18, 2018 Notice is attached hereto as *Exhibit 11*.

48.   Sojourner House promptly corrected the violation at the apartment building and received confirmation from Mr. Neves on May 25, 2018 that the alleged violation had been corrected.  A true and accurate copy of the email is attached hereto as *Exhibit 12*.

49.   On May 23, 2018, the City, through Mathews, acting under color of state law, rescinded his commitment to reinstate the grants on the stated basis of the alleged minor violation at the apartment building, thereby re-issuing Carcifero's suspension and de-obligation of funds and indicating that the decision was final, would not be reversed and was not appealable.  A true and accurate copy of the May 23, 2018 letter is attached hereto as *Exhibit 13*.

50.   The City, through Mathews, sought to punish and chill Sojourner House from engaging in protected speech and petition of the government by rescinding its commitment to

remove the indefinite suspension and de-obligation of public funds earmarked for Sojourner House's benefit and mission.

51.    The City's May 23, 2018 actions were in retaliation for Sojourner House's efforts to seek out the assistance of other government agents to restore critical funding to the non-profit agency.

52.    The City, in failing to provide any mechanism for review of its de-obligation and indefinite suspension, violated Sojourner House's constitutionally protected due process rights.

53.    Despite Sojourner House's compliance and following repeated pleas to the City to reinstate the grant awards, the City has utterly failed and refused to do so.  In failing to reinstate the awards, Sojourner House is at risk for not qualifying for future federal, state or local grants as it may have to disclose to governmental agencies in the application process the fact that the City has de-obligated and withheld funding and disqualified it from future grant eligibility.  Such harm is imminent and irreparable.

54.    In failing to reinstate the awards, the City has violated Sojourner House's contract rights, and constitutional rights of due process, free speech and petition.

55.    Upon information and belief, the City, through the individual Defendants, has conspired and retaliated to deprive Sojourner House of its constitutionally protected property and liberty rights by asserting false and pretextual reasons for suspending and de-obligating grant awards, which will likely be returned to the federal government without the prospect of recoupment by Sojourner House.

56.    The actions of the City have adversely impacted Sojourner House's ability to meet its core mission and place at risk its ability to procure similar grants in the future.

57.    The actions of Defendants Carcifero and Mathews support the imposition of

compensatory and punitive damages against them individually in that:

a.    Said Defendants acted intentionally, willfully, maliciously, and/or with reckless or callous indifference to Plaintiff's contractual and constitutional rights.

b.    At all relevant times, said Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Sojourner House's civil rights.

### *Irreparable Harm and Damages*

58.    The Defendants' foregoing acts and/or omissions constitute a violation of Sojourner House's rights to freedom of speech, to petition the government, and to equal protection, and procedural and substantive due process rights protected under the First and Fourteenth Amendments to the United States Constitution.

59.    The Defendants' actions have placed Sojourner House in the position of either refraining from engaging in the same freedom of expression as other grant applicants or face potential debarment action by the City without due process of law or other remedy.

60.    That, as a direct and proximate result of the Defendants' acts and/or omissions, including, but not limited to, those described herein, Sojourner House has suffered and will continue to suffer deprivation of its First Amendment freedom of expression and petition rights and Fourteenth Amendment due process rights, and has thereby sustained and will continue to sustain irreparable harm.

61.    As a direct and proximate result of the Defendants' acts and/or omissions, including but not limited to those described herein, Sojourner House has suffered and will continue to suffer injury to reputation, impairment of its freedom of expression, right to petition the government, and due process rights, deprivation of its civil rights, loss of existing and future grant funds to support its critical social service mission, expenses for legal services, and other

great damage.

## VI.    CLAIMS FOR RELIEF

62.    Sojourner House incorporates in the counts below the allegations contained in ¶¶ 1 through 61 above.

### COUNT I
### *Impairment of Freedom of Speech*
### *in Violation of 42 U.S.C. §1983*

63.    Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have deprived Sojourner House of and placed unlawful restrictions on its freedom of expression and petition rights in violation of Sojourner House's right to freedom of speech, thereby causing Sojourner House to suffer harm as aforesaid, and depriving Sojourner House of its rights secured under the First Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### COUNT II
### *Deprivation of Procedural Due Process*
### *in Violation of 42 U.S.C. §1983*

64.    Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have deprived Sojourner House of its constitutionally protected property and liberty rights without due process of law, and failed to provide a remedy or appeal process by which it can exercise its due process rights, thereby causing Sojourner House to suffer harm as aforesaid, and depriving Sojourner House of its rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### COUNT III
#### *Deprivation of Substantive Due Process in Violation of 42 U.S.C. §1983*

65.    Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have arbitrarily and unreasonably deprived Sojourner House of its constitutionally protected property and liberty rights, thereby causing Sojourner House to suffer harm as aforesaid, and depriving Sojourner House of its rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### COUNT IV
#### *Deprivation of Equal Protection of the Law in Violation of 42 U.S.C. §1983*

66.    Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have deprived Sojourner House of equal protection of the law, thereby causing Sojourner House to suffer harm as aforesaid, and depriving Sojourner House of its rights secured under the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### COUNT V
#### *Breach of Contract*

67.    Defendants, acting under the color of state law, by their individual and/or concerted acts and/or omissions, including but not limited to those described herein, have breached their agreement to provide governmental funds that have been specially earmarked for the benefit of Sojourner House at one of its Woonsocket locations.

## VII.   PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Sojourner House prays that this Court grant the following relief:

a.   Reinstatement of $35,000 in CHF and CDBG grants awarded to Sojourner House by the City on June 28, 2017 and November 3, 2017;

b   An award of reasonable attorney's fees, costs and interest as provided by law;

c.   Preliminary and permanent injunctions restraining and enjoining Defendants from interfering with the exercise of Sojourner House's right to freedom of speech and to petition the government guaranteed by the First and Fourteenth Amendments to the United States Constitution;

d.   Preliminary and permanent injunctions restraining and enjoining Defendants from impairing Sojourner House's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution;

e.   Preliminary and permanent injunctions restraining and enjoining Defendants from designating Sojourner House as being de-obligated, debarred or ineligible from qualifying for any governmental grants that are awarded through or sponsored by the City;

f.   A declaratory judgment that the Defendants, in the manner described herein, violated the First and Fourteenth Amendments to the United States Constitution by impairing and interfering with Sojourner House's rights to freedom of speech, equal protection and due process rights and protections;

g.   An award of compensatory damages for its violation of Sojourner House's contract rights;

h.   An award of punitive damages pursuant to 42 U.S.C. §1988 as allowable by law; and

i.   Such other and further relief as this Court deems just and proper.

## VIII.   DEMAND FOR JURY TRIAL

Sojourner House hereby demands a trial by jury on all counts so triable.

IX.    **DESIGNATION OF TRIAL COUNSEL**

Sojourner House hereby designates Matthew T. Oliverio and Stephen M. Prignano as trial counsel.

## VERIFICATION

I, Vanessa Volz, Executive Director of Sojourner House, Inc., under the pains and penalties of perjury, verify that the allegations set forth in this Verified Complaint are true and accurate based upon my best personal information, understanding and belief.

In accordance with 28 U.S.C. §1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on 8/15/18

Vanessa Volz

Plaintiff,
SOJOURNER HOUSE, INC.,
By its Attorneys,


*/s/ Matthew T. Oliverio*
Matthew T. Oliverio, Esquire (#3372)
Cooperating Attorney
Rhode Island Affiliate
American Civil Liberties Union
OLIVERIO & MARCACCIO LLP
55 Dorrance Street, Suite 400
Providence, RI  02903
(401) 861-2900
(401) 861-2922 Fax
mto@om-rilaw.com

*/s/ Stephen M. Prignano*
Stephen M. Prignano, Esquire (#3649)
Cooperating Attorney
Rhode Island Affiliate
American Civil Liberties Union
McINTYRE TATE LLP
321 South Main Street, Suite 400
Providence, RI  02903
(401) 351-7700
(401) 331-6095 Fax
smp@mtlesq.com